# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Antrell Jermaine Fordham, #262332,** ) | **Case No. 2:16-cv-249-RMG-MGB** |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Francine Bachman (D.H.O), et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

Plaintiff Antrell Jermaine Fordham has filed a civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at Lieber Correctional Institution in South Carolina and is proceeding *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2), the assigned Magistrate Judge is authorized to review the record and to submit findings and recommendations to the District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that the Complaint be **summarily dismissed**, without prejudice, without issuance and service of process, for the following reasons:

I. Background

Plaintiff is presently serving state sentences for multiple counts of bank robbery and escape. His projected release date is January 13, 2023. Plaintiff is suing three prison officials (in both their individual and official capacities) for monetary damages because he is displeased with the decision in his prison disciplinary case for charges of public masturbation, exhibitionism, and solicitation. Based on the witness testimony at the hearing, the disciplinary hearing officer (Officer Bachman) found Plaintiff not guilty of public masturbation and exhibitionism, but found him guilty of solicitation. Plaintiff brings this action under 42 U.S.C. § 1983, claiming that his due process rights were violated by the disciplinary proceeding and resulting placement in administrative segregation for 78 days. (DE# 1 at 3, ¶ IV "Statement of Claim").

Specifically, Plaintiff indicates that on May 22, 2015, he had an appointment to speak with the prison psychiatrist Dr. Anna Gomez. Afterwards, according to Plaintiff, Dr. Gomez wrote up an incident report about Plaintiff's behavior and "said something to [Assoc. Warden Fred B.] Thompson about [Plaintiff's] conversation" with her. Plaintiff received notice of charges for public masturbation, exhibitionism, and solicitation, and was placed in segregation. (DE# 1 at 3, "Statement of Claim"). According to Plaintiff, Dr. Gomez' incident report "did not contain solicitation." (*Id*.). Plaintiff contends that Major Thierry Nettles "took it upon himself to have a Disciplinary paper typed up on me without an incident report." (*Id*.).

Plaintiff filed a grievance on August 3, 2015, complaining that "he did not offer [Dr.] Ana Gomez no money in exchange for any favors." (DE# 1-1 at 1, attached copy of Grievance). The Warden responded in writing on August 7, 2015, explaining that "Dr. Gomez did not need to suggest the charge of 838 Soliciting Improper relationships on her incident report for Major Nettles to formally charge you with 838 and refer your case to a disciplinary hearing." (*Id*. at 2). Plaintiff's administrative appeal of the grievance was therefore denied.

In his Complaint, Plaintiff continues to argue that Major Nettles "violated my due process right by putting a charge on me I was not accused of doing without a (sic) incident report violating policy OP-22.14." (*Id*. at 4). Plaintiff acknowledges that, based on the testimony at the subsequent disciplinary hearing on June 18, 2015, Officer Bachman found Plaintiff guilty of the solicitation charge. (*Id*.). Plaintiff complains that Defendant Bachman "took 20 days canteen from me for the bogus solicitation charge." (*Id*.). Plaintiff also complains that Major Thompson "violated my due process rights by placing me in segregation" for 78 days, from May 26, 2015 to August 11, 2015. (*Id*.). Plaintiff seeks only monetary relief from the three prison officials and does not seek any injunctive or prospective relief.

II. Relevant Law

    A.  Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. at 326. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Id*.

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Unless otherwise specified, a dismissal for

failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore.,* 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

III. Discussion

    A.  Sovereign Immunity for the Defendants in Their Official Capacity

Plaintiff seeks monetary damages from prison officials in their official capacity. The Defendants are immune from such relief under the Eleventh Amendment. Sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002); *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).[1] The United States Supreme Court has held that a suit against a

---

[1] While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither exception applies here. Congress has not abrogated the states' sovereign immunity under § 1983, see *Quern v. Jordan*, 440 U.S. 332 (1979), and South Carolina has not consented to suit in federal district court, see S.C. Code Ann. § 15-78-20(e).

state official in his or her official capacity is "no different from a suit against the State itself." *Will*, 491 U.S. at 70-71; *see also Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir.1996); *Jones v. SCDC*, Case No. 5:12–cv–03554–RBH-KDW, 2013 WL 3880175, *4 (D.S.C. July 26, 2013). This Court has previously explained to Plaintiff at least one prior case that state agencies, such as the South Carolina Department of Corrections (and prison officials in their official capacity) are immune from suit under the Eleventh Amendment. See D.S.C. Case No. 2:07-cv-2699-TLW-RSC (DE# 25, recommending dismissal on the basis of Eleventh Amendment immunity). The Eleventh Amendment protects states (and state officials sued in their official capacity) from suit regardless of whether money damages or injunctive relief is sought. *Seminole Tribe v. Florida*, 517 U.S. 44, 58 (1996) ("we have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). Therefore, Plaintiff's claims against the Defendants in their official capacity are subject to summary dismissal on the basis of sovereign immunity.

### B. The Complaint Fails to State a Claim for Relief

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint does not need to expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Iqbal*, 556 U.S. at 662).[2] The present Complaint fails to meet this minimal pleading standard for the following reasons:

---

[2] Challenges to disciplinary decisions that affect a sentence are usually brought by means of a § 2241 petition. *See, e.g., Johnson v. Warden*, *FCI Williamsburg*, Case No. 1:13–3347–JFA–SVH, 2014 WL 4825926 (D.S.C. Sept. 24,

### 1. Alleged Policy Violation by Major Nettles

Plaintiff complains that Major Nettles put "a charge on me I was not accused of doing without a (sic) incident report violating policy OP-22.14." (DE# 1at 4). The response to Plaintiff's grievance indicates that there was no policy violation. Regardless, it is well-settled that the mere fact that a prison official allegedly did not follow SCDC policy does not, in itself, amount to a constitutional violation. *See United States v. Caceres*, 440 U.S. 741 (1978). In *Caceres*, the United States Supreme Court observed that "none of respondent's constitutional rights" were violated "by the agency violation of its own regulations." *Id*. at 754-55; *see also Riccio v. Cty. of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); *Keeler v. Pea*, 782 F.Supp. 42, 43-44 (D.S.C. 1992) (pointing out that § 1983 guarantees a person's constitutional rights against violations by a state actor, but does not provide any relief against a violation of state prison rules); *Briggs v. South Carolina Dept. of Corrections*, Case No. 9:13–cv–1348–RMG-BM, 2014 WL 1278173, *14 n.10 (D.S.C.) ("even if … one or more of the Defendants violated prison policies …, any violation of such policies does not constitute a violation of Plaintiff s constitutional rights, and is therefore not assertable in a § 1983 action"); *Wilder v. James,* Case No. 2:15-cv-270-CMVC-MGB, 2016 WL 889513, *6 n.3  (D.S.*C.* Jan. 25, 2016) ("violation of policy does not, in and of itself, indicate that Defendant James violated Plaintiff's constitutional rights"), *adopted by*, 2016 WL 879257 (D.S.C. March 8, 2016).

According to Plaintiff's own allegations in the Complaint, he was given advance notice of all three charges and received a hearing at which he was able to question the witness about his

---

2014) (§ 2241 petition challenged disciplinary hearing decision and complained of loss of statutory good time credits), *affirmed b*y 597 F.App'x 161 (4th Cir. 2015), *cert. denied*, 136 S.Ct. 556 (2015). Plaintiff does not allege that he lost any good time credits and is not challenging the "execution" of his sentence. Although Plaintiff appears to challenge the finding of "guilty" as to the solicitation charge, he seeks only monetary damages under § 1983.

alleged public masturbation, exhibitionism, and solicitation. In fact, Plaintiff was found not guilty on the first two charges. Plaintiff alleges that Dr. Gomez wrote an incident report, but then inconsistently complains that "Major Nettles took it upon himself to have a Disciplinary paper typed up on me without an incident report." (DE# 1 at 4). Although Plaintiff complains that Major Nettles allegedly violated SCDC "Policy OP-22.14," such allegation does not state a plausible claim that Major Nettles thereby violated Plaintiff's constitutional right to due process.

### 2. Plaintiff's Claim Against Officer Bachman

Given that § 1983 allows for personal liability of government officials, courts must pay careful attention to lawsuits involving multiple defendants. *See, e.g., Banks v. Grady Cty. Jail,* 2014 WL 1089622, *1 n.1 (W.D.Okla.) ("[I]t is particularly important' that plaintiffs 'make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations.' When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice....Rather, it is incumbent upon a plaintiff to 'identify specific actions taken by particular defendants' in order to make out a viable § 1983 …claim.") (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013)).

With respect to Officer Bachman, Plaintiff's Complaint describes the solicitation charge as "bogus" and complains that Officer Bachman "took 20 days canteen from me." According to Plaintiff's own Complaint, he was given advance notice of the charges, was given a hearing, and was allowed to question the witness at the hearing. In fact, based on the evidence and witness testimony at the disciplinary hearing, Officer Bachman found Plaintiff *not guilty* of public masturbation and exhibitionism, but found him guilty of solicitation. Plaintiff has received all the process he is due. *See Wolff v. McDonnell*, 418 U.S. 539, 571 (1974) (establishing minimal procedural due-process standards for prison disciplinary proceedings that may result in loss of

good-time credits or solitary confinement); *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (requiring same minimal procedural due-process protections when a disciplinary sanction violates a prisoner's "liberty interests" by imposing "atypical hardships" on him); *and see, e.g., Warren v. Byars*, 2014 WL 1315122, *10 (D.S.C. March 31, 2014) (finding, in the context of a prison disciplinary hearing for a charge of masturbation, that "the procedural requirements of *Wolff* were satisfied" and that "substantive due process was satisfied" because the disciplinary decision was based upon "some evidence in the record").

Even liberally construed, the Complaint does not allege facts that amount to a constitutional violation of due process by Officer Bachman (or any other Defendant). The Complaint fails to state a plausible claim for violation of Plaintiff's constitutional right to due process. Therefore, Officer Bachman is entitled to summary dismissal of the claims against her.

### 3. **Plaintiff's Claim Against Associate Warden Thompson**

Finally, Plaintiff contends that Major Thompson "violated my due process rights by placing me in segregation" for 78 days, from May 26, 2015 to August 11, 2015. According to Plaintiff's own Complaint, Plaintiff was found guilty of a solicitation charge after evidence and testimony was presented at a disciplinary hearing. Major Thompson could appropriately impose discipline for Plaintiff's infraction of the prison rule against "solicitation." South Carolina law confers no protected liberty interest upon inmates of SCDC from being placed in administrative segregation in such circumstances. *See also Meachum v. Fano*, 427 U.S. 215 (1976); *Keeler*, 782 F.Supp. at 43–44. Plaintiff's allegations that his due process rights were violated and that he therefore suffered an "atypical hardship" are conclusory. The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Iqbal*, 556 U.S. at 677–79; *Bell Atlantic Corp.*, 550 U.S. at 555.

An inmate has a limited Fourteenth Amendment right of due process only if a challenged official action or condition of his confinement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. In the Fourth Circuit, courts have held that this does not include placement in disciplinary detention or segregated administrative confinement, particularly where (as in the present case) the confinement was for only a few months. *See e.g., Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (holding that six-months confinement in administrative segregation was not grossly excessive punishment for violating prison regulation against possession of escape paraphernalia); *McClurkin v. Byer*, Case No. 2:13-cv-1507-RMG-BHH, 2013 WL 3746027, *5 (D.S.C.) (summarily dismissing pursuant to §1915(e)(2)(B)), *affirmed,* 555 F.App'x 277 (4th Cir. 2014) (citing *Sandin*). Here, the Complaint's allegations fail to state a plausible claim for violation of due process against Major Thompson on such basis.

To the extent Plaintiff bases his claim against Major Thompson on the acts of other officers, he may not be held liable based merely on his supervisory position. It is well-settled that *respondeat superior* is not applicable in § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Defendant Thompson cannot be held liable based merely on his supervisory position as associate warden. *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (in a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations"); *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989).

In conclusion, even with liberal construction, the present Complaint is subject to dismissal because it fails to state a plausible claim for relief against all three Defendants and because it sues parties who are immune from suit in their official capacity

## IV.  Recommendation

Accordingly, the Magistrate Judge recommends that the Complaint be *summarily dismissed*, without prejudice and without issuance and service of process.

**IT IS SO RECOMMENDED**.

April 5, 2016
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Petitioner's attention is directed to the *important notice* on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).