IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2016 APR 26  P 1:42

| | |
|---|---|
| Antrell Jermaine Fordham, ) | Civil Action No. 2:16-249-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Francine Bachman, *DHO, in her individual* ) | |
| *and official capacity*; Theirry Nettles, *Major*, ) | |
| *in his individual and official capacity*; Fred ) | |
| B. Thompson, *Associate Warden, in his* ) | |
| *individual and official capacity*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary dismissal of this *pro se* prisoner action pursuant to 28 U.S.C. § 1915(e) because it fails to state a plausible claim for relief. For the reasons set forth below, the Court adopts the Report and Recommendation and dismisses the action with prejudice.

**I.    Background**

Plaintiff is presently serving state sentences for multiple counts of bank robbery and escape. Plaintiff is suing three prison officials (in both their individual and official capacities) for monetary damages because he is displeased with the decision in his prison disciplinary case for charges of public masturbation, exhibitionism, and solicitation. Based on the witness testimony at the hearing, Defendant Francine Bachman, the disciplinary hearing officer, found Plaintiff not guilty of public masturbation and exhibitionism, but found him guilty of solicitation. Plaintiff brings this action under 42 U.S.C. § 1983, claiming that his due process rights were violated by the disciplinary proceeding and resulting placement in administrative segregation for 78 days. (Dkt. No. 1 at 3.)

On May 22, 2015, Plaintiff had an appointment to speak with the prison psychiatrist, Dr. Anna Gomez. Afterwards, according to Plaintiff, Dr. Gomez wrote an incident report about Plaintiff's behavior and Plaintiff was charged with public masturbation, exhibitionism, and solicitation, and was placed in segregation. (Dkt. No. 1 at 3.) On June 18, 2015, Officer Bachman found Plaintiff guilty of the solicitation charge. (*Id.* at 4). According to Plaintiff, Dr. Gomez's incident report "did not contain solicitation." (*Id.*) Plaintiff filed a grievance on August 3, 2015, complaining that "he did not offer [Dr.] Ana Gomez no money in exchange for any favors." (Dkt. No. 1-1 at 1.) The Warden responded in writing on August 7, 2015, explaining, "Dr. Gomez did not need to suggest the charge of 838 Soliciting Improper relationships on her incident report for Major Nettles to formally charge you with 838 and refer your case to a disciplinary hearing." (*Id.* at 2). Plaintiff's administrative appeal of the grievance was denied. In his Complaint, Plaintiff argues that Defendant Major Thierry Nettles "violated my due process right by putting a charge on me I was not accused of doing without a incident report violating policy OP-22.14," that Defendant Francine Bachman "took 20 days canteen from me for the bogus solicitation charge" and that Defendant Associate Warden Fred Thompson "violated my due process rights by placing me in segregation" for 78 days, from May 26, 2015 to August 11, 2015. (*Id.*).

## II.  Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with

instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989).

The PLRA, at 28 U.S.C. § 1915(g) contains a "three strike" provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed [*in forma pauperis*] but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*,

738 F.3d 607, 609 (4th Cir. 2013). After receiving three strikes, a plaintiff must pay the full filing fee for almost any non-habeas civil action he might wish to file. *Id.* at 610.

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints . . . [do] not require . . . courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### III.  Analysis

Plaintiff alleges that Major Nettles violated his due process rights by charging him with a disciplinary infraction in a manner contrary to prison policy. But a prison official's alleged failure to follow policy is not in itself a constitutional violation. *See United States v. Caceres*, 440 U.S. 741, 754–55 (1978); *Riccio v. County of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); *Briggs v. S.C. Dep't Corrs.*, Civ.

No. 9:13-cv-1348-RMG, 2014 WL 1278173, *14 n.10 (D.S.C.) ("even if ... one or more of the Defendants violated prison policies ..., any violation of such policies does not constitute a violation of Plaintiff's constitutional rights, and is therefore not assertable in a § 1983 action"); *Keeler v. Pea*, 782 F.Supp. 42, 43-44 (D.S.C. 1992) (noting that § 1983 guarantees constitutional rights against violations by a state actor, but that it provides no relief against violations state prison rules). Plaintiff alleges that Associate Warden Thompson and Officer Bachman punished him without according due process. But Plaintiff admits that he was given advance notice of the charges, that he was given a hearing, that he was allowed to question the witness at the hearing, and that he was found not guilty of public masturbation and exhibitionism, based on the reviewing officer's consideration of the evidence presented. Plaintiff received all process due. *See Wolff v. McDonnell*, 418 U.S. 539, 571 (1974) (establishing minimal procedural due-process standards for prison disciplinary proceedings).

The Court agrees with the Magistrate Judge's determination that Plaintiff has failed to state a plausible claim for relief against any Defendant.

## IV. Conclusion

Therefore, the Court **ADOPTS** the Report and Recommendation as the Order of the Court **DISMISSES WITH PREJUDICE** the Complaint without issuance or service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 26, 2016
Charleston, South Carolina